SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------X
**ELIZABETH LUCIANO,**

Plaintiff(s),

- against -

**HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,**

Defendant(s).
-----------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, ELIZABETH LUCIANO, by and through her attorneys, BELOVIN FRANZBLAU & ASSOCIATES, PC, as and for a cause of action alleges, upon information and belief, as follows:

1. At the time of the commencement of this action plaintiff ELIZABETH LUCIANO was a resident of the City and State of New York, County of Bronx.

2. At all the times hereinafter mentioned upon information and belief, the defendant, **HOME DEPOT U.S.A. INC.**, was, and still is, a foreign corporation duly authorized to conduct business in the City and State of New York.

3. At all the times hereinafter mentioned, upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.**, was doing business as **HOME DEPOT.**

4. That this action falls within one or more of the exemptions set forth in CPLR §1602.

5. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** owned a

certain premises known as and by street number 55 Weyman Avenue, in the City and State of New York, County of Westchester including the garden department of said premises.

6. From at least September 21, 2017, up to and including, September 21, 2019, the defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, owned the premises known as 55 Weyman Avenue, in the City and State of New York, County of Westchester and more particularly the garden department of said premises.

7. On September 21, 2019 and at all time herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, operated a certain premises known as and by street number 55 Weyman Avenue, in the City and State of New York, County of Westchester including the garden department of said premises.

8. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its agents, servants and/or its employees, maintained the aforesaid premises including the garden department of said premises.

9. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its agents, servants and/or its employees, managed the aforesaid premises including the garden department of said premises.

10. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its agents, servants and/or its employees, controlled the aforesaid premises including the garden department of said premises including the garden department of said premises.

11. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its agents, servants and/or its employees, were responsible to keep the aforesaid premises including the garden department of said premises in a reasonably safe condition.

12. On September 21, 2019 and at all times herein mentioned, defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, had a duty to keep the premises reasonably safe for all customers including plaintiff.

13. On September 21, 2019 and at all times herein defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, breached its duty to plaintiff.

14. On September 21, 2019 plaintiff ELIZABETH LUCIANO was lawfully present on the aforesaid premises.

15. On September 21, 2019 plaintiff ELIZABETH LUCIANO was lawfully present on the aforesaid premises with the permission and consent of the owner.

16. On September 21, 2019 while plaintiff ELIZABETH LUCIANO was lawfully present on the aforesaid premises, plaintiff was caused to slip and fall and sustain serious, severe and permanent injuries.

17. The above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendant's servants, agents, employees and/or licensees in the operation, management, maintenance and control of the aforesaid premises and garden center; in causing allowing and permitting said premises and garden center at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap like condition to exist at said location; in failing to maintain the aforesaid premises and garden center in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the premises; in causing, allowing, creating and permitting the existence of a wet and slippery condition existing upon the floor of the aforesaid premises to interfere with and prevent plaintiff's safe passage; defendant was further negligent in actively creating the aforesaid dangerous condition consisting of a wet floor with a buildup of

water on said floor, in utilizing a sprinkler type system to water the garden plants and in failing to ensure and provide a system of barriers and/or drains preventing the water from overflowing or otherwise falling onto the floor causing a dangerous condition; in causing, allowing, creating and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location and garden center from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

18. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19. That as a result of the above, plaintiff was caused to sustain serious personal injuries and to have suffered severe pain mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and

will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20. That as a result of the foregoing, plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower courts.

**WHEREFORE,** plaintiff ELIZABETH LUCIANO demands judgment against the defendants, jointly and severally herein in an amount to be determined by this Court, together with the interest, costs and disbursements of this action.

Dated: Bronx, New York
September 11, 2020

Yours, etc.

Mitchell Franzblau, Esq.
**BELOVIN FRANZBLAU & ASSOCIATES, PC**
Attorneys for Plaintiff
ELIZABETH LUCIANO
2311 White Plains Road
Bronx, NY 10467
718-655-2900

# VERIFICATION

State of New York)
ss:
County of Bronx )

Elizabeth Luciano, being duly sworn, deposes and says:

That (s)he is the plaintiff in these proceedings; that (s)he has read and knows the contents of the above VERIFIED COMPLAINT and that the same is true to her/his own knowledge except as to the matters therein stated to be alleged upon information and belief, as to those matters, (s)he believes them to be true.

Elizabeth Luciano

Sworn to before me on
September 11, 2020

Notary Public

LAURA PANISSIDI
Notary Public, State of New York
No. 01PA5017882
Qualified in BRONX County
Commission Expires September 13, 2021