USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIZABETH LUCIANO,

                         Plaintiff,

      -against –

HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,

                      Defendant.

------------------------------------------------------------------X

**SCHEDULING ORDER**
No.: 21-CV-7670 (ALC) (JLC)

1. The date of the conference and the appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number;

   Initial conference to be held October 12, at 10:30am. Appearances will be as follows:

   | | |
   |---|---|
   | Mitchell Franzblau, Esq. | Amneet Mand, Esq. |
   | *Attorneys for Plaintiff* | *Attorneys for Defendant* |
   | ELIZABETH LUCIANO | HOME DEPOT U.S.A., INC. |
   | Belovin Franzblau & Associates, P.C. | Lewis Brisbois Bisgaard & Smith, LLP |
   | 2311 White Plains Road | 77 Water Street – Suite 2100 |
   | Bronx, New York 10467 | New York, New York 10005 |
   | 718.655.2900 | 212.232.1300 |

2. A concise statement of the issues as they then appear;

   Plaintiff alleges that on September 21, 2019 she was caused to slip and fall while on defendant's premises in the garden department due to a slippery wet floor. Plaintiff alleges this was a continuing dangerous condition, created by defendant's improper use of a sprinkler system which allowed water to drip onto the floor. As a result of the fall, Plaintiff alleges she sustained the following personal injuries: tears of the medial and lateral menisci of the right knee resulting in surgery on September 21, 2020, tear of the meniscus of the left knee, lumbar and cervical disc herniations, left shoulder and left wrist internal derangement.

    Defendant Home Depot denies all aforementioned allegations, further Defendant Home Depot had no notice of the alleged dangerous condition, and, as will be evidenced by the medical record, Plaintiff's alleged injuries were pre-existing including prior bilateral knee surgeries and longstanding degenerative issues.

3. Although certain discovery has been exchanged, depositions have not occurred and fact witnesses have not testified. Thus, the above is subject to amendment as fact discovery continues. A proposed schedule including:

   a. the deadline by which the parties may move to amend the pleadings or join any other parties: <u>30 days after the close of fact discovery.</u>

   b. dates for document requests and initial interrogatories: <u>on or before November 1, 2021. Responses to be served on or before **December 13, 2021**</u>.

   c. By **December 13, 2021**, the parties shall submit a letter to the Court stating (1) whether they are interested in participating in settlement discussions (either through the court mediation program or a settlement conference with the undersigned) and (2) proposing a timeline for those discussions.

   d. the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place: **March 31, 2022**

   e. a date by which all non-expert discovery shall be completed: **April 29, 2022.**

   f. dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made: **May 27, 2022.**

   g. the date by which depositions of experts shall be completed: **June 30, 2022.**

   h. There will be no extensions of this discovery schedule absent extraordinary circumstances.

   i. Following the close of discovery, the Court will hold a status conference **on July 6, 2022 at 11:00 a.m.** by telephone using the Court's conference line, (877) 873-8017 (Access Code: 5277586). At the conference, the Court will discuss the submission of pretrial materials and settlement. If the case has settled by this date, the status conference will be canceled.

   j. the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the undersigned: <u>Pre-Motions to be filed by **July 29, 2022**</u>; Joint pre-trial order to be filed by **August 30, 2022**.

4. A statement of any limitations to be placed on discovery, including any protective or confidentiality orders (including any order pursuant to Rule 502 of the Federal Rules of

        Evidence): <u>The parties shall submit an executed Confidentiality Stipulation and Protective Order by **October 19, 2021**</u>.

5. A statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement: Defendant requests that <u>Plaintiff to advise Defendant whether Plaintiff is a Medicare/Medicaid recipient.</u>

6. Anticipated fields of expert testimony, if any: <u>Parties reserve the right to supplement this response more information becomes available through the course of discovery. However, at the moment, medical expert testimony is anticipated.</u>

7. Anticipated length of trial and whether, and by whom, a jury has been requested: <u>A jury trial will be requested, the anticipated length of trial is seven (7) days.</u>

8. (a) An approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions and (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned: <u>Home Depot has been pursuing settlement with counsel for Plaintiff, a demand must be served. Parties have not discussed mediation at this time. Once responses have been served to initial discovery demands settlement discussions should be timely.</u>

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

So Stipulated and Agreed:

| BELOVIN FRANZBLAU & ASSOCIATES, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| *Mitchell Franzblau* | *Amneet Mand* |
| _____ | _____ |
| Mitchell Franzblau, Esq. | Amneet Mand, Esq. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| ELIZABETH LUCIANO | HOME DEPOT U.S.A., INC. |
| 2311 White Plains Road | 77 Water Street – Suite 2100 |
| Bronx, New York 10467 | New York, New York 10005 |
| 718.655.2900 | 212.232.1300 |
| mdf2311@aol.com | Amneet.Mand@lewisbrisbois.com |

**SO ORDERED.**

DATED:  October 12, 2021
           New York, New York

_____
JAMES L. COTT
United States Magistrate Judge